IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02802-BNB

JEREMY PINSON,

    Plaintiff,

v.

DAVID BERKABILE,
PATRICIA RANGEL, and
ANDERSON, FNU

    Defendants.

## ORDER DIRECTING PLAINTIFF TO SHOW CAUSE

    Plaintiff, Jeremy Pinson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary-ADX in Florence, Colorado. Mr. Pinson, acting *pro se*, initiated this action by filing a Prisoner Complaint that alleges a violation of his constitutional rights. He seeks injunctive and declaratory relief and money damages.

    The Court must construe the Prisoner Complaint liberally because Mr. Pinson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Mr. Pinson to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Pinson, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous. *Pinson v. Chipi, et al.*, No. 09-cv-00283-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *appeal dismissed*, No. 10-12235-B (11th Cir. Feb. 2, 2011) (dismissed as frivolous), *cert. denied*, No. 10-11063, 2011 WL 4532284 (Oct. 3, 2011); *Pinson v. Pineiro, et al.*, No. 09-cv-00244-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *vol. dismissed*, No. 09-14528-C (11th Cir. Oct. 16, 2009); *Pinson v. Grimes, et al.*, No. 09-cv-00238-WTH-GRJ (M.D. Fla. July 30, 2009) (dismissed for abuse of judicial process and counts as a strike under 28 U.S.C. § 1915(g)), *aff'd in part*, No. 09-14242, 391 F. App'x 797 (11th Cir. Aug. 9, 2010) (§ 1915(g) dismissal affirmed regarding strike, but dismissal with prejudice remanded as too harsh), *cert. denied*, 131 S. Ct. 527 (Nov. 1, 2010). The court's § 1915(g) determination in each of the above-noted cases was in keeping with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011). Also, if the Tenth Circuit dismisses "as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." *See Jennings v. Natrona*

*County Detention Center Medical Facility*, 175 F.3d 775 (10th Cir. April 20, 1999).

In response to the question on Page Two of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, Mr. Pinson states he is in imminent danger of serious physical injury. Mr. Pinson is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Vague or conclusory allegations of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Mr. Pinson's complaints about events that took place in 2011 fail to assert allegations of ongoing serious physical injury. Mr. Pinson's complaints about his current living conditions fail to assert deprivations so cruel as to pose a serious risk of danger to his life or health.

Mr. Pinson contends that the cell where he now is housed was covered with blood, feces, rotten food, insects (including ants, poisonous spiders, flies, beetles maggots, and other pests) when he was placed in the cell. He further contends that while cleaning the cell he was not provided with "materials to protect him from biohazardous contamination," and he continues to have insects in his cell that bite him and infest his food. Mr. Pinson was allowed to clean the cell, but he was not given the materials he believed were necessary to disinfect the cell. Mr. Pinson also must state with specificity the injuries he has incurred due to the insects in his cell.

The Court, therefore, finds that Mr. Pinson has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and that he is not under imminent

danger of serious physical injury with respect to the asserted claims. Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*. Mr. Pinson will be ordered to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that Mr. Pinson show cause in writing **within thirty days from the date of this Order** why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because: (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous; and (2) he fails to assert that he is under imminent danger of serious physical injury with respect to the claims that he raises.

DATED December 10, 2012, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge