IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02802-BNB

JEREMY PINSON,

    Plaintiff,

v.

DAVID BERKEBILE,
PATRICIA RANGEL,
OFFICER ANDERSON,
OFFICER BOYER,
RUSS KRIST,
OFFICER KILMER,
OFFICER SUTTON,
OFFICER McAVOY,
LIEUTENANT SHORTIS, and
JOHN DOES 1-5,

    Defendants.

ORDER TO DISMISS IN PART
AND TO AMEND

On December 27, 2012, Magistrate Judge Boyd N. Boland granted Mr. Pinson leave to proceed pursuant to 28 U.S.C. § 1915 because he had shown that he was in imminent danger of serious physical injury in the Amended Complaint he filed on December 19, 2012. Subsequently, on January 11, 2013, Mr. Pinson and two other inmates, Erwin Villatoro and Michael Bacote, filed a Supplement to Complaint and a Motion for Order. Messrs. Villatoro and Bacote also signed and submitted a joint Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Magistrate Judge Boland then entered an order on January 17, 2013, instructing all parties to file a proper Court-approved prisoner complaint form that includes all claims and named parties and to submit a 28 U.S.C. § 1915 motion for each named plaintiff. On January 25, 2013, Mr. Pinson filed a Motion to Vacate Order. In the Motion, Mr. Pinson indicated that Mr. Villatoro and Mr. Bacote no longer desired to continue with this action and that he now desires to proceed only with the claims he asserted in the December 19 Amended Complaint. The Court denied the January 25 Motion because all parties had not signed the Motion. On February 19, 2013, all parties submitted a Motion to Reconsider, in which again Mr. Villatoro and Mr. Bacote stated they no longer desired to proceed with the action and Mr. Pinson stated he desired to dismiss Defendant Shortis and identify certain other defendants.

Mr. Pinson was granted leave to proceed pursuant to 28 U.S.C. § 1915 because he was in imminent danger of serious physical injury. Over two months have passed since Mr. Pinson filed the Amended Complaint that the Court believed justified imminent danger. Because Mr. Pinson has caused the delay in this action, the immediacy of his claims are now questionable. The Court, nonetheless, will allow Mr. Pinson one last chance to amend and state "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Mr. Pinson is instructed that in support of his allegations he is to state the date that each specific act took place and the name of the specific individual that was responsible for the alleged act. Accordingly, it is

ORDERED that the Motion to Reconsider, ECF No. 25, is construed as a Notice of Voluntary Dismissal in part and a request to file an Amended Complaint in part. It is

FURTHER ORDERED that Mr. Villatoro and Mr. Bacote are dismissed from this action pursuant to the Notice of Voluntary Dismissal. It is

FURTHER ORDERED that Mr. Pinson's request to amend is granted. He shall thirty days from the date of this Order to file one last Amended Complaint in keeping with this Order. Court-approved prisoner complaint forms are available (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in amending the Complaint. It is

FURTHER ORDERED that if within thirty days of the date of this Order Mr. Pinson fails to comply with this Order the Court will dismiss the action without further notice.

DATED March 18, 2013, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court