IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02802-BNB

JEREMY PINSON,

    Plaintiff,

v.

DAVID BERKEBILE,
PATRICIA RANGEL,
OFFICER ANDERSON,
OFFICER BOYER,
RUSS KRIST,
OFFICER KILMER,
OFFICER SUTTON,
OFFICER McAVOY,
LIEUTENANT SHORTIS,
LIEUTENANT GICONI,
P. KLEIN,
S. KUTA,
R. MADISON,
J. JOHNSON,
A. BALSIK,
K. ESPENSEN,
OFFICER DAVIS,
OFFICER TERSKA, and
JOHN DOES 1-5,

    Defendants.

---

ORDER

---

Plaintiff, Jeremy Pinson, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Mr. Pinson, acting *pro se*, initiated this action by filing a Prisoner Complaint challenging the conditions of his incarceration. The Court construed the Complaint liberally and directed Mr. Pinson to

show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to filing restrictions under § 1915(g). On December19, 2012, Mr. Pinson filed a Response and an Amended Complaint.

On December 27, 2012, Magistrate Judge Boyd N. Boland granted Mr. Pinson leave to proceed pursuant to 28 U.S.C. § 1915 because the December 19 Amended Complaint indicated that he was in imminent danger of serious physical injury. Subsequently, on January 11, 2013, Mr. Pinson and two other inmates, Erwin Villatoro and Michael Bacote, filed a Supplement to Complaint and a Motion for Order.

The Court then entered an order on January 17, 2013, instructing all parties to file a proper Court-approved prisoner complaint form that includes all claims and names all parties. On January 25, 2013, Mr. Pinson filed a Motion to Vacate Order. In the Motion, Mr. Pinson indicated that Mr. Villatoro and Mr. Bacote no longer desired to continue with this action and that he desired to proceed only with the claims he asserted in the December 19 Amended Complaint. The Court denied the January 25 Motion because all parties had not signed the Motion. On February 19, 2013, all parties submitted a Motion to Reconsider, in which Mr. Villatoro and Mr. Bacote stated they no longer desired to proceed with the action and Mr. Pinson stated he desired to dismiss Defendant Shortis and identify certain other defendants.

In the March 18, 2013 Order, the Court found that because over two months had passed since Mr. Pinson's original claim of imminent danger of serious physical injury the existence of imminent danger is questionable. The Court, nonetheless, allowed Mr. Pinson one last chance to amend and state "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious

physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).  Mr. Pinson was instructed that in support of his allegations he is to state the date that each specific act took place and the name of the specific individual that was responsible for the alleged act.

Mr. Pinson filed a Second Amended Complaint on April 4, 2013.  The Court has reviewed the April 4 Complaint and finds as follows.  For the most part, the claims Mr. Pinson raises involve incidents that took place prior to his transfer in January 2013 to a new special housing unit.  Regarding the incidents that Mr. Pinson asserts took place from January through mid-March, 2013, Mr. Pinson fails to comply with the Court's March 18 Order and state the date the specific acts took place and name the specific individual responsible for the alleged act.  Furthermore, the harassment, threat, and disciplinary segregation claims that allegedly took place from January through mid-March do not state imminent danger of serious physical injury.

Mr. Pinson's claim that Defendant S. Kuta directed staff not to feed him and he has not eaten since of March 22, 2013, is the only claim that may state a claim of imminent danger of serious physical injury .  The Court notes, however, on April 1, 2013, Mr. Pinson was able to submit an amended prisoner complaint in Case No. 13-cv-00749-BNB, and he does not mention the alleged denial of food claim in that amended complaint.

Nonetheless, the Court has a continuing concern for the safety of prisoners housed within this jurisdiction.  The Court, therefore, will seek a statement from the Warden at the prison facility, Defendant David Berkebile, where Mr. Pinson currently is housed, addressing the current provisions being made to assure Mr. Pinson is not in

immediate danger of serious physical harm regarding his nourishment needs. No reply to the statement or other motions or pleadings will be allowed by Mr. Pinson in this action.

Mr. Pinson is instructed that this inquiry, along with the inquiry ordered in Case No. 13-cv-00749-BNB, will be the last time the Court makes a special effort to address Mr. Pinson's alleged claims of imminent danger of serious physical harm if he fails to state specific acts and dates to support his vague claims. The Court also will consider invoking additional filing restrictions against Mr. Pinson if he fails to comply with Court orders in the future. Accordingly, it is

ORDERED that the Clerk of the Court initiate service of process on Defendant David Berkebile in this case for the limited purpose of seeking a statement by Mr. Berkebile as set forth above. It is

FURTHER ORDERED that Mr. Berkebile or his designee is instructed to provide a statement to the Court within ten days of the date of this Order. It is

FURTHER ORDERED that Mr. Pinson is restricted from filing any further pleadings or motions in this action, including a reply to the statement provided by the Warden or appropriate prison staff. It is

FURTHER ORDERED that all pending motions are denied.

DATED April 17, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge